O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GERALD M. CURRAN, | ) | Case No. CV 09-1323-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Gerald M. Curran seeks judicial review of the Commissioner's denial of his application for Social Security Disability Insurance ("SSDI") benefits under the Social Security Act. For the reasons stated below, the decision of the Social Security Commissioner is reversed and the matter is remanded for further proceedings.

I.  **Factual and Procedural History**

Plaintiff was born on November 3, 1944. He completed three years of college and has worked as a union representative, data entry supervisor, brewery worker, internet racing operator and

union president. (Administrative Record ("AR") at 90, 127, 132.)

Plaintiff filed his application for disability benefits on September 7, 2006, alleging disability as of November 7, 2002, due to a heart attack, plantar fasciitis, parasthetica meralgia, and arthritis. (AR at 90, 126.) His application was denied initially on December 14, 2006, and upon reconsideration on April 3, 2007. (AR at 71, 80.) An administrative hearing was held on March 17, 2008, before Administrative Law Judge ("ALJ") Gail Reich. (AR at 35-68.) Plaintiff was represented by counsel and testified on his own behalf. During the hearing, Plaintiff amended his alleged onset date to September 1, 2006. (AR at 39.) Medical expert Dr. Reuben Beezy and vocational expert Barbara Miksic also testified at the hearing. (AR at 54-68.)

The ALJ issued an unfavorable decision on May 12, 2008. (AR at 16-23.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of September 1, 2006. Plaintiff's severe impairments were found to include heart disease with stent, diabetes mellitus, degenerative joint disease, neuralgia parasthetica, plantar fasciitis, and obesity. (AR at 18-20.) However, these severe impairments, alone or in combination, did not meet the requirements of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 21.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently, walk for more than one but less than two hours in an eight hour day, and sit eight hours with occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (AR at 21-22.) Based on this RFC, the ALJ concluded that Plaintiff was not disabled

because he could perform past relevant work as a data entry clerk, as generally performed. (AR at 22-23.)

The Appeals Council denied review on November 28, 2008 (AR at 5-7). After being granted an extension of time to file a civil action, Plaintiff commenced this action on February 25, 2009. Plaintiff contends that: (1) the ALJ's RFC assessment is not supported by substantial evidence, and (2) the ALJ improperly discredited Plaintiff's subjective complaints. (Joint Stip. at 2-3.)

**II.  <u>Standard of Review</u>**

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not

1  substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

### III. The RFC Assessment Is Not Supported By Substantial Evidence

At step four of the five-step sequential analysis mandated by the Social Security Regulations[1], the ALJ concluded that Plaintiff's RFC permitted him to return to his past relevant work as a data entry clerk as generally performed in the national economy. (AR at 21-23.) Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ (1) erred in excluding fatigue-related limitations from Plaintiff's RFC, and (2) failed to consider the impact of Plaintiff's obesity in formulating the RFC. Plaintiff also argues that, even if the RFC was supported by substantial evidence, the ALJ erred by characterizing Plaintiff's prior work as a racing operator according to the least demanding function of that job. (Joint Stip. at 3-7.)

A claimant's RFC is what he is capable of doing despite his physical and mental limitations. 20 C.F.R. § 404.1545(a)(1); *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "RFC is

---

[1] The five steps are as follows: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairment is "severe"; (3) whether the impairment meets or equals one of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant is able to return to past relevant work; and (5) whether the claimant can do other types of work. 20 C.F.R. § 404.1520(a)(4). These steps are cumulative; an ALJ need not consider further steps after finding that a step does not favor the claimant.

4

an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996).[2] An RFC assessment is ultimately an administrative finding reserved to the Commissioner, based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, as well as observations by family members and the claimant's own subjective symptoms. 20 C.F.R. § 404.1545(a)(3). An RFC that does not account for all of a claimant's limitations is defective. *Valentine*, 574 F.3d at 690.

In formulating a claimant's RFC, an ALJ is not required to include limitations that are not supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). "Conversely, an ALJ is not free to disregard properly supported limitations." *Robbins*, 466 F.3d at 886. An ALJ may omit limitations arising out of a claimant's subjective complaints only if the subjective complaints have been specifically discredited. *Compare Copeland v. Bowen*, 861 F.2d 536, 541 (9th Cir. 1988) (RFC excluding subjective pain limitations was supported by substantial evidence where ALJ specifically discredited claimant's pain testimony) *with Lingenfelter*, 504 F.3d at 1040-41 (RFC excluding subjective pain limitations was not supported by substantial evidence where ALJ did

---

[2] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991) (en banc).

not provide clear and convincing reasons for discrediting claimant's testimony); *see also*, *Light v. Soc. Sec. Admin*, 119 F.3d 789, 793 (9th Cir. 1997); *Ouellette v. Apfel*, 2000 WL 1262642, at *19 (N.D. Cal. Aug. 24, 2000).

In Plaintiff's case, there is no dispute that the ALJ's RFC finding[3] does not include fatigue-related limitations. Rather, the parties disagree about whether the exclusion of such limitations was supported by substantial evidence. A review of the record demonstrates that it was not. At the administrative hearing, Plaintiff testified to symptoms of fatigue. (AR at 39, 46.) After reviewing Plaintiff's medical record and listening to Plaintiff's testimony, the impartial medical expert testified that fatigue would be a reasonable symptom of Plaintiff's obesity and heart condition. (AR at 58.) The ALJ adopted the medical expert's testimony in his unfavorable decision. (AR at 20.) Plaintiff complained of fatigue in at least one disability report, (AR at 152), and his medical records indicate that he experienced "sleep disturbance," fatigue, and had a history of sleep apnea. (AR at 253, 255, 261, 349, 350.)

Despite Plaintiff's testimony regarding fatigue and the medical expert's testimony that fatigue would be reasonable based on his medical impairments, the ALJ's unfavorable decision states: "[Plaintiff] only identified pain from physical conditions as his

---

[3] The ALJ concluded that Plaintiff "has the residual functional capacity for lifting and carrying 20 pounds occasionally and 10 pounds frequently, walking over one hour but under two hours in an eight hour day, and sitting eight-hours with occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (AR at 21.)

1 reason for not being able to work." (AR at 21.) The ALJ's decision
2 makes no mention of Plaintiff's subjective complaints of fatigue,
3 suggesting that the ALJ did not even consider these complaints, let
4 alone provide sufficient reasons for discrediting them. *See Smolen*
5 *v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996) (describing
6 standard ALJ must apply in evaluating subjective symptom
7 testimony). The ALJ's lack of credibility finding regarding
8 Plaintiff's symptoms of fatigue precluded her from excluding those
9 symptoms from the RFC. *Lingenfelter*, 504 F.3d at 1040-41; *Robbins*,
10 466 F.3d at 882-85.

11 Defendant argues the ALJ was not required to credit
12 Plaintiff's fatigue symptoms because they were never reported to
13 doctors, citing *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir.
14 2006). However, *Greger* is inapposite because Plaintiff did complain
15 to doctors specifically about fatigue, and generally about sleep
16 disturbance, during the alleged period of disability. (AR at 253,
17 255, 261, 349, 350.) Moreover, the ALJ's decision wholly ignores
18 Plaintiff's testimony about fatigue, failing to engage in a
19 credibility evaluation regarding that symptom. (AR at 21.) This
20 implicit rejection of Plaintiff's fatigue testimony, without
21 discussion, resulted in an RFC unsupported by substantial evidence.
22 *See Mersman v. Halter*, 161 F.Supp.2d 1078, 1085-86 (N.D. Cal. 2001)
23 (holding ALJ must provide specific reasons for discrediting
24 claimant and may not ignore corroborating lay witness testimony);
25 *Moore v. Astrue*, 2009 WL 4279725, at *5 (C.D. Cal. Nov. 30, 2009)
26 (ALJ may not "simply ignore" claimant's testimony in order to
27 justify conclusion).
28 //

In conclusion, an ALJ may exclude subjective limitations from an RFC by specifically discrediting those symptoms. Because the ALJ did not acknowledge or account for Plaintiff's subjective testimony that fatigue limited his ability to work, the ALJ's decision to omit fatigue-related symptoms from the RFC was not supported by substantial evidence. *Lingenfelter*, 504 F.3d at 1040-41; *Robbins*, 466 F.3d at 882-85.

**IV. Conclusion**

In general, the choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the district court's decision whether to remand for further proceedings or for payment of benefits is discretionary and is subject to review for abuse of discretion). The Ninth Circuit has observed that "the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." *Id.* at 1179; *see Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

In this case, the VE's testimony that Plaintiff could return to his past relevant work as a data entry clerk[4] was based on a

---

[4] Plaintiff claims the ALJ erroneously categorized his past work as a racing operator according to the least demanding function of that job. *See Valencia v. Heckler*, 751 F.2d 1082 (9th Cir. 1985). On remand, the ALJ should reconsider whether the functional demands of Plaintiff's prior work as a racing operator are adequately captured by the broad category of "data entry clerk."

defective RFC. *See Robbins*, 466 F.3d at 886. Based on the VE's testimony, the ALJ found Plaintiff not disabled at step four of the disability analysis. Therefore, the record is not fully developed and further administrative proceedings would be useful. *See Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993) (remanding "for the ALJ to repeat the step four analysis, articulating specific findings for rejecting [the plaintiff's] pain testimony . . . " among other things); *see also Ouellette*, 2000 WL 1262642, at *19 (remanding for further development of record where ALJ made no mention of claimant's subjective limitations).

Accordingly, the decision of the Commissioner is reversed and this action is remanded for further proceedings consistent with this Memorandum Opinion.[5]

Dated: December 18, 2009

_____
Marc L. Goldman
United States Magistrate Judge

---

[5] Because the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court suggests, however, that all of Plaintiff's arguments be considered when determining the merits of his case on remand.